# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

---

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 12-CR-287-AT

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Lewis Jackson, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Lewis Jackson, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Counts 1, 2, and 3 thereof.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in Counts 1, 2, and 3 of the Indictment.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not

compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

<u>As to Counts 1, 2 and 3:</u>

(a)     Maximum term of imprisonment: 15 years.

(b)     Mandatory minimum term of imprisonment: None.

(c)     Term of supervised release: Up to 3 years.

(d)    Maximum fine: $250,000, due and payable immediately.

(e)    Full restitution, due and payable immediately, to all victims of the offenses and relevant conduct.

(f)    Mandatory special assessment: $100.00, due and payable immediately.

(g)    Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time. Finally, the Defendant understands that the Court may choose to run a sentence on any one count to run concurrently with any other count to which he has pleaded guilty.

## IV. PLEA AGREEMENT

The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the

3

Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

## Sentencing Guidelines Recommendations

**Base/Adjusted Offense Level Stipulations**

Based upon the evidence currently known to the Government, the Government will recommend and the Defendant agrees to the following applications of the Sentencing Guidelines:

(a) The applicable offense guideline is Section 2A3.3.

**Obstruction & Related Adjustments--Stipulations**

Based upon the evidence currently known to the Government, the Government will recommend and the Defendant agrees to the following applications of the Sentencing Guidelines:

(a) Defendant receive the 2-level upward adjustment pursuant to Section 3C1.1.

(b) Defendant receive the 2-level upward adjustment pursuant to Section 3B1.3

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct,

4

including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Sentencing Recommendations

**Restitution**

The Defendant agrees to pay full restitution to all victims of the offenses to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to

each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

## Financial Cooperation Provisions

### Special Assessment

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $300 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

### Fine/Restitution - Terms of Payment

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victims. The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel

agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

### Guidelines Sentence Is Reasonable

The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2. The parties agree not to request any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that a sentence within the advisory Sentencing Guidelines range is reasonable under the factors set forth in 18 U.S.C. § 3553(a). Neither party will request any variance resulting in a sentence outside of the Guidelines range.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL:   To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including,

but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

### Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 23rd day of October, 2012.

_____
SIGNATURE (Attorney for Defendant)
Wesley Person

_____
SIGNATURE (Assistant U.S. Attorney)
Kurt R. Erskine

_____
SIGNATURE (Approving Official)
Gentry Shelnutt

_____
SIGNATURE (Defendant)
Lewis Jackson

10/25/12
DATE

9

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____        11/26/12
SIGNATURE (Defendant)                   DATE

I am Lewis Jackson's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____        11/26/12
SIGNATURE (Defense Attorney)            DATE

10

INFORMATION BELOW MUST BE TYPED OR PRINTED

Wesley Person
NAME (Attorney for Defendant)

Lewis Jackson
NAME (Defendant)

280 Corstitution Blvd
STREET

678 Gordon Pl
STREET

Lawrenceville, Ga 30044
CITY & STATE    ZIP CODE

Atlanta GA 30310
CITY & STATE    ZIP CODE

PHONE NUMBER 770-277-7724

PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER 573526

Filed in Open Court

**FILED IN OPEN COURT**
U.S.D.C. - Atlanta

NOV 26 2012

By _____ JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

11

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 12-CR-287 |
| DEFENDANT'S NAME: | Lewis Jackson |
| PAY THIS AMOUNT: | $300 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    **\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk, U.S. District Court
    2211 U.S. Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia  30303

    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA