# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**UNITED STATES OF AMERICA**                    **Case No.   1:12-cr-0287-AT**

-vs-

**Lewis Jackson**                    **Defendant's Attorney:**
                                     **Wesley Gerard Person**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1-3 of the Indictment.

Accordingly, the defendant is adjudged guilty of such counts which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 2243(b) | Sexual Abuse of a Ward (Class C Felony) | 1-3 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$300** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        XXX-XX-4983        Date of Imposition of Sentence: February 7, 2013
Defendant's Date of Birth:       1976
Defendant's Mailing Address:     678 Gordan Place, SW
                                 Atlanta, GA 30310

Signed this the 7th day of February, 2013.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **25 MONTHS ON EACH OF COUNTS ONE, TWO, AND THREE TO RUN CONCURRENTLY TO EACH OTHER AND CONCURRENTLY TO ANY SENTENCE IMPOSED ON DEFENDANT IN CASE NUMBER 2012-CF2-12893 IN THE DISTRICT OF COLUMBIA SUPERIOR COURT**.

The Court recommends the defendant be incarcerated in the low-security facility located as close to Atlanta, GA as possible. The Bureau of Prisons shall make available to Defendant any counseling as appropriate, and Defendant shall participate in said counseling.

The Defendant shall surrender to the United States Marshal for this district on a date at least ninety (90) days from the date of this judgment and said surrender shall be arranged upon the Bureau of Prison's identification of an appropriate location of imprisonment.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on   _____   to   _____

at   _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:   _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 YEARS on EACH OF COUNTS ONE, TWO, AND THREE, TO RUN CONCURRENTLY, FOR A TOTAL TERM OF 2 YEARS.**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## SPECIAL CONDITIONS

The Periodic Drug Testing mandated by the Violent Crime Control and Law Enforcement Act of 1994 is hereby suspended. The Court finds that this offense is not drug related, and this defendant has no current or past history of substance abuse.

The defendant, in accordance with the requirements of the Sex Offender Registration and Notification Act (SORNA) (see 42 U.S.C. §§16911 and 16913), shall (i) register as a sex offender, upon release from prison, and keep such registration current, with the local police, local sheriff, and state police where the defendant resides, where the defendant is employed, and where the defendant is a student, and for the initial registration, the defendant also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. §16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. §16915. He shall register at each new agency and jurisdiction if he changes residences, employment, and school.

The defendant shall participate in the mental health aftercare program including a psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender contract under the guidance and supervision of the U.S. Probation Officer. If able, the defendant shall be required to contribute to the cost of services for such treatment.

The defendant, pursuant to 18 U.S.C. § 3583(d), shall submit his person, and any property, house, residence, vehicle, papers, computer other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

The defendant shall perform 200 hours of community service under the guidance and supervision of the U.S. Probation Officer. [Note: Results of psychosexual evaluation may affect his placement.]

Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.    The defendant shall support his or her dependents and meet other family responsibilities;

5.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.    The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.    The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**FINE**

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.